# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Action No. 11-cr-00038-JLK-CBS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**1. GARY DOUGLAS WATLAND,**

    **Defendant.**

---

## PROTECTIVE ORDER CONCERNING SENSITIVE BUT UNCLASSIFIED FEDERAL BUREAU OF PRISON PROGRAM STATEMENTS

Kane, J.

THIS MATTER comes before the Court at the request of the government for a protective order concerning the sensitive but unclassified BOP program statements and the inmate check lists derived from a program statement that the government is ordered to produce. Upon a showing of good cause in support of entry of a protective order to limit the dissemination of this information that would pose a substantial harm to the ability of Federal Bureau of Prisons to confine offenders in facilities that are safe, cost-efficient, and appropriately secure.

**IT IS ORDERED:**

1. This Protective Order shall apply to the following documents:

a.) PS 1380.03, Security Threat Groups, and the checklist used to assign an inmate with a security group designation.

b.) PS 1380.05, Special Investigative Supervisor Manual.

c.) PS 1380.08, Recorded Inmate Conversations, Request for Production.

d.) PS 5180.06, Central Inmate Monitoring System, Operating Manual.

e.) PS 5500.11, Correctional Services Manual.

2. The documents, for ease of identification, will be labeled "BOP – SENSITIVE BUT UNCLASSIFIED." These documents shall not be disclosed or used for any purpose without Court order except the preparation of this case for trial.

4. The BOP – SENSITIVE BUT UNCLASSIFIED documents shall not, without the consent of the Government or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the Court and its employees ("Court Personnel");

    (d) other persons by written agreement of the parties.

5. Prior to disclosing BOP – SENSITIVE BUT UNCLASSIFIED information to any person listed above (other than Court Personnel), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be

bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. The defendant may not be shown BOP – SENSITIVE BUT UNCLASSIFIED documents.

7. These documents are designated BOP – SENSITIVE BUT UNCLASSIFIED by the Federal Bureau of Prisons and each page of each program statement shall be bates numbered and labeled with the words "Sensitive But Unclassified" and all copies of these documents shall maintain the same designation and bates number.

8. At the conclusion of this case, unless other arrangements are agreed upon, each document which has been designated BOP-SENSITIVE BUT UNCLASSIFIED whether in e-format or in paper and all copies thereof shall be returned to the Federal Bureau of Prisons.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this   20th   day of June, 2012.

                                          BY THE COURT:

                                          s/John L. Kane
                                          SENIOR U.S. DISTRICT JUDGE